NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITLALY GUZMAN DOMINGUEZ; YOSHUA GUZMAN DOMINGUEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-70772 <br><br> Agency Nos. A201-026-098 <br> A206-677-958 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2022[**]
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and LYNN,[***] District Judge.

Citlaly Guzman Dominguez and her son Yoshua (collectively, "petitioners"),

citizens of Mexico, petition for review of a Board of Immigration Appeals (BIA)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

decision dismissing their appeal of an Immigration Judge (IJ) order denying their claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.  "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "To be eligible for withholding of removal, the petitioner must discharge this burden by a clear probability." *Id*. (quotation omitted).

Petitioners concede they have not suffered past persecution. And assuming without deciding that their proposed social group (persons who participated in a town "self-defense" group) is cognizable, substantial evidence supports the BIA's determination that petitioners did not demonstrate a well-founded fear of future persecution because of a protected ground. Petitioners described only a limited role in their town's self-defense group, and the record does not establish that any of the incidents they described occurred because the victims had participated in or supported the self-defense group.

The record thus permitted the BIA to conclude that petitioners had at most demonstrated a fear of future harm based on generalized violence, which is insufficient. *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (explaining that attacks that are motivated by "theft or random violence" bear no nexus to a protected ground). We also reject as unsupported petitioners' assertions that the BIA failed to consider their evidence. Therefore, substantial evidence supported the BIA's denial of asylum and withholding of removal.[1]

2.     To obtain CAT relief, petitioners must show that government officials or private actors with government acquiescence would more likely than not torture them if they are returned to Mexico. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014); 8 C.F.R. § 1208.16(c)(2). The record does not compel the conclusion that petitioners made this showing. Petitioners have not demonstrated past torture in Mexico. Nor does the record require the conclusion that, if they return, petitioners will likely be tortured in Mexico with the participation or

---

[1] Petitioners did not raise before the BIA that they faced future persecution based on a pattern or practice of persecution of self-defense groups. We therefore do not consider this unexhausted argument. *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008).

acquiescence of the Mexican government.

**PETITION DENIED.**